IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CAROLL A. DEAR                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 3:07–cv–407–WHB–LRA

JACKSON STATE UNIVERSITY                                    DEFENDANT

## OPINION AND ORDER

This cause is before the Court on several motions that have been filed by the parties in the above referenced lawsuit.  Having considered the Motions, Response,[1] Rebuttal, attachments to the pleadings, as well as supporting and opposing authorities, and finds:

Plaintiff's Motion to Consolidate Complaint is not well taken and should be denied;

Plaintiff's Motion to Amend Complaint is not well taken and should be denied;

The Motion of Defendant for Continuance is not well taken and should be denied;

The Motion of Defendant to Strike is not well taken and should be denied; and

The Motion of Defendant to Dismiss/for Summary Judgment is well taken and should be granted.

---

[1]  JSU has not yet responded to Plaintiff's Motion to Consolidate Complaint, Plaintiff has not yet responded to the Motions of JSU to Strike or for Continuance.

## I.   Factual Background and Procedural History

On or about July 1, 2000, Plaintiff, Caroll Dear ("Dear") was hired by Defendant, Jackson State University ("JSU") as a secretary in the Department of Military Science, Army ROTC Division ("Department").  From August of 2004, through July of 2007, Dear worked under the supervision of Lieutenant Colonel Claudia Mason ("Mason"), who headed the Department.  On September 2, 2004, Dear informed Dr. Dollye Robinson ("Robinson"), the Dean who oversaw the Department, that she intended to file an age discrimination charge based on certain actions that had been taken by Mason.  In response, Robinson met with Mason on September 27, 2004, and met with Mason and Dear on October 13, 2004.  Following the October 13, 2004, meeting, Robinson was of the opinion that the differences between Dear and Mason had been resolved, and that she would continue to monitor the situation.  There is no indication that Dear filed a formal complaint of age discrimination with the EEOC in 2004.

On March 23, 2006, Dear delivered a statement to the Army, which was then purportedly investigating allegations that Mason had sexually harassed one of the female ROTC cadets at JSU.  In her statement, Dear reported that she witnessed Mason tell a cadet the latter's uniform was incorrect, and then was "all over the young lady" as she (Mason) fixed the uniform.  Dear also reported that she was told that Mason had "popped" a cadet's bra strap during a

PT test, and had admonished the cadet because she was wearing the wrong colored bra.  Dear claims that her employment with JSU was terminated on July 24, 2006, because of the statement she made to the Army.

On December 20, 2006, Dear filed a Charge of Discrimination with the EEOC claiming that she had been discriminated against on the bases of gender and retaliation.  After receiving her right-to-sue letter from that agency, Dear filed a Complaint in this Court against JSU alleging claims of retaliation in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq.*; deprivation of rights in violation of 42 U.S.C. §§ 1981 and 1983; and violations of the Fourth and Fifth Amendments to the United States and Mississippi Constitutions.  As Dear has alleged claims arising under federal law, the Court may properly exercise subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

JSU has now moved for dismissal/summary judgment on Dear's claims.  JSU also moves for a continuance and to strike Dear's Amended Response to its dispositive motions as untimely.  In addition to responding to the dispositive motions filed by JSU, Dear has filed motions seeking to amend her Complaint and to consolidate this case with one she recently filed against certain JSU employees.  The Court will now consider each of these motions.

3

## II.   Legal Analysis

**A.   Motion to Consolidate Complaint**

Dear filed the subject lawsuit against JSU on July 16, 2007. On September 2, 2008, Dear filed a second lawsuit in this Court styled <u>Dear v. Dr. Claudia Mason, et al.</u>, which is docketed as Civil Action No. 3:08-cv-548-WHB-LRA.  In her second lawsuit, Dear alleges claims arising under 42 U.S.C. §§ 1981 and 1983 based on the named defendants' having allegedly violated her constitutional rights as guaranteed by the First Amendment.  Dear now moves for consolidation of her lawsuits.

When considering whether to consolidate cases under Rule 42(a) of the Federal Rules of Civil Procedure, district courts are to exercise "broad discretion" in determining whether the cases present common questions of law or fact, and whether consolidation would save time and money.  See <u>Mills v. Beech Aircraft Corp.</u>, 886 F.2d 758, 761-62 (5th Cir. 1989); <u>St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.</u>, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay.").  While Dear's lawsuits involve common questions of fact, the Court finds that consolidation would not avoid unnecessary delay or promote judicial economy.  Specifically, the subject lawsuit has been pending for over one year, discovery is complete,

the parties' dispositive motions have been fully briefed, and trial is scheduled to begin during the October 2008 term of this Court. Dear's second lawsuit was recently filed, a Case Management Conference has not yet been scheduled, and no discovery has been done. Thus, if the Court were to consolidate the cases at this time, it would also be required to continue the trial on Dear's claims against JSU. The Court finds that such continuance would not avoid but, instead, clearly cause delay, and would not serve the interests of judicial economy. See e.g. Richard v. Doe, No. CIV. A. 93-0590, 1994 WL 66745, at *1 (E.D. La. Feb. 23, 1994) (denying consolidation upon finding that "[t]o consolidate the actions at this late date would require a continuance of the [first] trial and the subsequent resetting of the newly consolidated action for trial at a much later date. This would not serve the interests of judicial economy."). Accordingly, the Court finds that Dear's Motion to Consolidate Complaint should be denied. Additionally, the Court finds that the Motion of JSU for Continuance should likewise be denied.


B.  **Motion to Amend Complaint**

Dear seeks to amend her Complaint by adding "a First Amendment claim under 42 U.S.C. § 1983" against JSU. See Mot. to Amend Compl. [Docket No. 70], at ¶ 3. Under controlling precedent, a court may deny a motion to amend on the basis that the amendment would be futile. See Stripling v. Jordan Prod. Co., LLC, 234 F.3d

5

863, 872-73 (5th Cir. 2000) (finding that "is within the district court's discretion to deny a motion to amend if it is futile" and that "'futility' in this context ... [is] interpreted ... to mean that the amended complaint would fail to state a claim upon which relief could be granted."); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co., 195 F.3d 765, 771 & n.4 (5th Cir. 1999)("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile" and that "amendments are futile if the theory presented lacks legal foundation").

Here, Dear seeks to amend her Complaint to allege a First Amendment claim against JSU under 42 U.S.C. § 1983.  As discussed infra at 8-9, "the Eleventh Amendment bars suit against a state or 'state entity ...,' regardless of whether money damages or injunctive relief is sought' and section 1983 does not override the Eleventh Amendment." Briggs v. Mississippi, 331 F.3d 499, 503 (5th Cir. 2003) (quoting Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 186 (5th Cir. 1986)).  JSU is an arm of the state and, therefore, entitled to immunity under the Eleventh Amendment.  See Washington v. Jackson State Univ., 532 F. Supp. 2d 804, 814 (S.D. Miss. 2006).  As the First Amendment/Section 1983 claim Dear seeks to allege against JSU is barred by the Eleventh Amendment, the Court finds that her attempt to amend her Complaint to include such claim would be futile.  Accordingly, the Court finds that Dear's Motion to Amend Complaint should be denied.

**C.  Motion to Dismiss/Summary Judgment**

**1.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim. Id.  As to issues on which the non-moving party

has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  <u>Id.</u> at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence."  <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

## 2.  Constitutional Claims/Section 1981 and 1983 Claims

In her Complaint, Dear alleges that JSU violated 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Fourth and Fifth Amendments to the United States and Mississippi Constitutions.  <u>See</u> Compl. at ¶ 11. JSU has moved for dismissal/summary judgment on these claims on the grounds that they are barred by Eleventh Amendment immunity.

The Eleventh Amendment to the United States Constitution "bars an individual from suing a state in federal court unless the state

8

consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI; College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999)).  The scope of the immunity provided by the Eleventh Amendment "extends to any state agency or entity deemed an "alter ego" or "arm" of the state." Id. at 326 (citing Vogt v. Board of Comm'rs, 294 F.3d 684, 688-89 (5th Cir. 2002)). JSU is an arm of the State of Mississippi for the purposes of protection under the Eleventh Amendment. See Washington, 532 F. Supp. 2d at 814.  As such, the Court finds that the immunity provided by the Eleventh Amendment bars Dear's constitutional claims as well as her Section 1981 and 1983 claims against JSU.[2] See Briggs, 331 F.3d at 503 ("[T]he Eleventh Amendment bars suit against a state or  state entity ... regardless of whether money damages or injunctive relief is sought) (citations omitted). See also Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. 1981) (finding that "Section 1981 contains no congressional waiver

---

[2]   In her Response, Dear argues that she "stated a claim for violation of her First Amendment rights under § 1983, although undersigned counsel incorrectly identified the cause of action as arising under the Fourth and Fifth Amendment." See Mem. in Supp. of Resp. [Docket No. 62], at 41.  Dear further argues that although she did not plead a First Amendment violation in her Complaint, she should be permitted to proceed on this claim under Rule 15(b) of the Federal Rules of Civil Procedure. Id. As the First Amendment claim Dear proposes against JSU is barred by the immunity provided by the Eleventh Amendment, Dear's request to proceed on such claim under Rule 15(b) is denied.

of the state's eleventh amendment immunity"); <u>Champagne v.</u>
<u>Jefferson Parish Sheriff's Office</u>, 188 F.3d 312, 313 (5th Cir.
1999)("Section 1983 does not abrogate Eleventh Amendment immunity")
(citing <u>Quern v. Jordan</u>, 440 U.S. 332, 345 (1979)); <u>Aguilar v.</u>
<u>Texas Dept. of Criminal Justice</u>, 160 F.3d 1052, 1053 (5th Cir.
1998) ("The Eleventh Amendment bars claims against a state brought
pursuant to 42 U.S.C. § 1983."). Accordingly, the Court finds that
JSU is entitled to dismissal of these claims.

**2.   Title VII Claims**

**a.   Timeliness of the Complaint**

JSU moves for summary judgment on Dear's Title VII claims on
the grounds that her Complaint was not filed within ninety days
after she received her right-to-sue letter from the EEOC.[3]   In
support of its motion, JSU argues that Dear allegedly received her
right-to-sue letter on April 13, 2007. <u>See</u> Compl. at ¶ 5. JSU
further argues that as Dear did not file her Complaint until July
16, 2007, which is more than ninety days after receiving the
letter, her Title VII claims are time-barred.

In Response, Dear alleges that she did not receive her right-
to-sue letter on April 13, 2007, but, instead, that was the date on

---

[3]   Under 42 U.S.C. § 2000e-5(f), suit must be filed within
ninety days of receipt of the right-to-sue letter. <u>See</u> <u>Taylor v.</u>
<u>Books A Million, Inc.</u>, 296 F.3d 376, 381 (5th Cir. 1982).

which it was mailed by the EEOC.  In support of this allegation, Dear has submitted a Declaration from her attorney indicating that the latter "inadvertently stated" that Dear had received her right-to-sue letter on April 13, 2007.  See Am. Resp. [Docket No. 71], at Ex. K-1 (Declaration of Lisa M. Ross).[4]  Additionally, Dear submitted a copy of the right-to-sue letter she received from the EEOC evidencing that it was mailed on April 13, 2007.  See Resp. [Docket No. 60], at Ex. G-1.

Under Fifth Circuit precedent, when the date on which a right-to-sue letter was received is either unknown or disputed, a court may presume "various receipt dates ranging from three to seven days after the letter was mailed."  See Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002).  See also Morgan v. Potter, 489 F.3d 195, 196 (5th Cir. 2007) (finding that "a presumption of receipt [is] appropriate when the actual date of receipt was unknown", and expressing satisfaction with applying a three to five day period for determining the presumptive date of receipt).  Here, the EEOC mailed Dear's right-to-sue letter on April 13, 2007. Applying the above precedent liberally in Dear's favor, she presumptively received the letter five days later, i.e. on April 18, 2007, and was required to file her Complaint ninety days

_____

[4]  JSU has moved to strike Dear's Amended Response on the basis that it is untimely.  Having reviewed the Amended Response, and finding the JSU will not be prejudiced by its inclusion into the record, the Court finds the Motion to Strike should be denied.

thereafter, i.e. on or before July 17, 2007. As Dear's lawsuit was filed on July 16, 2007, the Court finds it was timely filed.

**b. Merits**

In her Complaint, Dear alleges the following facts: (1) she worked as a secretary in the ROTC Department at JSU; (2) she filed a complaint of harassment (presumably in 2004) and nothing was done; (3) in May of 2006 she "participated in [a] protected activity when she reported what she perceived to be sexual harassment of a student by her supervisor. In addition [she] participated in an investigation by the U.S. Army ROTC Division"; and (4) she was discharged after participating in a protected activity. See Compl. at ¶¶ 7-10. Based on the factual allegations in the Complaint, the Court finds that Dear's claim under Title VII is one of retaliation.

Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of unlawful retaliation, the plaintiff must prove "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3)

that a causal link existed between the protected activity and the adverse employment action." Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996) (citing McMillan v. Rust College, Inc., 710 F.2d 1112, 1116 (5th Cir. 1983)). Once the plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the defendant which must articulate a legitimate, non-retaliatory reason for the adverse employment action. Id. at 304-05. "If the defendant introduces evidence which, if true, would permit the conclusion that the adverse employment action was nondiscriminatory, the focus shifts to the ultimate question of whether the defendant unlawfully retaliated against the plaintiff." Id. at 305.

Dear's retaliation claim is predicated on allegations that "she reported what she perceived to be sexual harassment of a student by her supervisor" and that she "participated in an investigation by the U.S. Army ROTC Division." See Compl. at ¶ 9.[5]

---

[5] In her Charge of Discrimination to the EEOC, Dear alleged that she was retaliated against because she had filed a sexual harassment complaint in 2004. See Resp. at Ex. E-1, F-1. This allegation is not raised in her Complaint. Additionally, if such allegation was raised, Dear would not be able to prove that a causal link existed between the filing of the complaint on September 2, 2004, and her termination on July 24, 2006. See e.g. Rath v. Selection Research, Inc., 978 F.2d 1087, 1090 (8th Cir. 1992) (finding that a "causal connection may be proved circumstantially by proof that the discharge followed the protected activity so closely in time as to justify an inference of retaliatory motive" and that the plaintiff had not established a causal link in a case in which he was terminated six months after engaging in allegedly protected activities).

13

JSU first moves for summary judgment on Dear's retaliation claim on the grounds that she did not oppose, or participate in, an activity protected by Title VII.

Under the participation clause of 42 U.S.C. § 2000e-3(a), an employer may not discriminate against an employee because "he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." As explained by the Eleventh Circuit in Merritt v. Dillard Paper Co., 120 F.3d 1181 (11th Cir. 1997):

> In construing a statute we must begin, and often should end as well, with the language of the statute itself. See Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409 (1993); see also Bailey v. United States, 516 U.S. 137, 145 (1995). As the Supreme Court has admonished, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992); see also, e.g., United States v. LaBonte, 520 U.S. 751, 757 (1997) ("We do not start from the premise that this language is imprecise. Instead, we assume that in drafting this legislation, Congress said what it meant."). "When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." Connecticut Nat'l Bank, 503 U.S. at 254.

Id. at 1185-86 (alterations in original). Applying the rules of statutory construction set forth by United States Supreme Court, the Court finds that the participation clause affords protection only when the claimant made a claim, or participated in an investigation, proceeding, or hearing, under Title VII. See e.g. Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 373

(5th Cir. 1998) (finding that the participation clause "affords protection under Title VII by prohibiting retaliation for assistance and participation in any manner 'in an investigation, proceeding, or hearing' under the statute.") (emphasis added); Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130, 1135 (5th Cir. 1981) (finding that the "participation clause ... protects employees against retaliation for their participation in the procedures established by Title VII to enforce its provisions."). See also Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1312 (6th Cir. 1989) (finding that the "'exceptionally broad protection' of the participation clause extends to persons who have 'participated in any manner' in Title VII proceedings." (citing Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1006 (5th Cir. 1969)).

In the case *sub judice*, there is no evidence that Dear filed a Title VII charge of discrimination with the EEOC based on the alleged harassing conduct of Mason toward the cadet. Additionally, while the record shows that Dear arguably participated in an investigation that was being conducted by the U.S. Army, ROTC Division, there is no evidence that that investigation was being conducted under the auspices of Title VII. As there is no evidence that Dear "made a claim, or participated in an investigation, proceeding, or hearing, under Title VII", see Douglas, 144 F.3d at

15

373,[6] the Court finds that she has failed to show that there exists a genuine issue of material fact with regard to whether she engaged in activity protected by Title VII as required to maintain a claim of retaliation under the protection clause.  Therefore, the Court additionally finds that Dear has failed to establish a prima facie case of retaliation to the extent her claim is based on her alleged participation with the investigation conducted by the U.S. Army ROTC Division.

Under the opposition clause of 42 U.S.C. § 2000e-3(a), an employer may not discriminate against an employee because "he has opposed any practice made an unlawful employment practice by this subchapter."  See e.g. Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996) (holding that an "employee has engaged in activity protected by Title VII (for the purpose of a retaliation claim) if she has ... 'opposed any practice made an unlawful employment

---

[6]   See also Abbott v. Crown Motor Co., Inc., 348 F.3d 537, 543 (6th Cir. 2003) (holding "Title VII protects an employee's participation in an employer's internal investigation into allegations of unlawful discrimination where that investigation occurs pursuant to a pending EEOC charge.") (citing EEOC v. Total Sys. Serv., Inc., 221 F.3d 1171, 1174 n.2 (11th Cir. 2000) (The participation clause protects an employee's activities that "occur in conjunction with or after the filing of a formal charge with the EEOC," not an employee's participation "in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC"; at a minimum, an employee must have filed a charge with the EEOC or otherwise instigated proceedings under Title VII.); Brower v. Runyon, 178 F.3d 1002, 1006 (8th Cir. 1999) (For activity to receive protection under the participation clause, there must be, at a minimum, "factual allegations of discrimination against a member of a protected group and the beginning of a proceeding or investigation under Title VII.")).

practice' by Title VII...”); <u>Payne</u>, 654 F.2d at 1135 (“The opposition clause of ... Title VII provides protection against retaliation for employees who oppose unlawful employment practices committed by an employer.”).   “To satisfy this opposition requirement, [the plaintiff] need only show that she had a ‘reasonable belief that the employer was engaged in unlawful employment practices.’” <u>Turner v. Baylor Richardson Med. Ctr.</u>, 476 F.3d 337, 348 (5th Cir. 2007)(quoting <u>Byers v. Dallas Morning News, Inc.</u>, 209 F.3d 419, 428 (5th Cir. 2000)); <u>Payne</u>, 654 F.2d at 1140 (concluding “that a plaintiff can establish a prima facie case of retaliatory discharge under the opposition clause ... if he shows that he had a reasonable belief that the employer was engaged in unlawful employment practices.”).

     “To establish a prima facie case under the “opposition” clause of Title VII, the plaintiff must establish: (1) a statutorily-protected expression; (2) an adverse employment action; and (3) a causal link between the protected expression and the adverse action.” <u>Aldridge v. Tougaloo Coll.</u>, 847 F. Supp. 480, 483 (S. D. Miss. 1994).  To establish the first prong of her prima facie case, i.e. that she engaged in a statutorily protected expression, Dear must show that at the time she reported the alleged sexual harassment of a student by her supervisor, she was opposing a JSU employment practice that was unlawful under Title VII, or which she reasonably believed to be unlawful under Title VII.  See <u>Alack v.</u>

Beau Rivage Resorts, Inc., 286 F. Supp. 2d 771, 774 (S. D. Miss. 2003).  See also Aldridge, 847 F. Supp. at 483 (finding that to satisfy the first prong of a prime facie case of retaliation under the opposition clause, a plaintiff must show that the action she took was either in opposition to conduct by her employer that was an unlawful employment practice under Title VII, or conduct that she reasonably believed was unlawful under that statute).

In the case *sub judice*, the Court finds that Dear's report of alleged sexual harassment of a cadet by an instructor was not a statutorily protected expression for the purpose of establishing a prima facie case of retaliation under the opposition clause.  While such harassment, if it occurred, is actionable under federal law, see e.g. Doe v. Lago Vista Indep. Sch. Dist., 106 F.3d 1223, 1225 (5th Cir. 1997) (finding "it possible for private litigants to use Title IX to recover money damages when teachers sexually abuse students."); Rosa H. v. San Elizario Indep. Sch. Dist., 106 F.3d 648, 656 n.3 (5th Cir. 1997)(noting that "students abused by teachers in public schools have some degree of protection under federal statutes.  If the teacher acts under color of state law in pursuing a sexual relationship with a student, the student can rely on 42 U.S.C. § 1983 for recovery."), it is not actionable under Title VII.  See e.g. 42 U.S.C. § 20002-2(a) ("It shall be an unlawful employment practice for an employer – to ... discriminate against any individual with respect to his compensation, terms,

18

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...")(emphasis added); <u>Washington</u>, 532 F. Supp. 2d at 811 (finding that the student plaintiff was not an employee of the University, and "[s]ince plaintiff was not an employee of defendants, neither this court nor the Equal Employment Opportunity Commission ("EEOC") has jurisdiction over any Title VII claim he raises."). The Court finds that because the alleged harassment reported by Dear did not arise out of an employer/employee relationship (but instead arose out of a student/instructor relationship) it does not constitute an unlawful employment practice that is actionable under Title VII.[7] Additionally, as the complained of harassment does not constitute either an unlawful employment practice under Title VII, or conduct reasonably believed to be unlawful under that statute, the Court finds that Dear has failed to show that there exists a genuine issue of material fact with regard to whether she "opposed any practice made an unlawful employment practice" under Title VII. Accordingly, the Court finds that Dear has failed to establish a prima facie case of retaliation to the extent that claim is based

---

[7] Dear, citing to <u>Cruppi v. Department of the Army</u>, Civ. A. No. 95-2333, 1997 WL 124143 (Mar. 18, 1997), argues that a cadet can maintain a sexual harassment claim against her superior officer under Title VII. In <u>Cruppi</u>, however, the plaintiff was not a military cadet but was an employee of the New Orleans District Real Estate Division of the United States Army Corps of Engineers. <u>See id.</u> at *1.

on her opposition to the alleged sexual harassment of a cadet by her supervisor as set forth in the report she made in May of 2006.

In sum, the Court finds that Dear has failed to establish a prima facie case of retaliation either under the participation clause or opposition clause of 42 U.S.C. § 2000e-4(a). Accordingly, the Court finds that JSU is entitled to summary judgment on this claim.

**3.  State Law Claims**

JSU moves for summary judgment on any state law claim alleged by Dear on the grounds that she failed to comply with the notice provision of the Mississippi Tort Claim Act, codified at Mississippi Code Annotated Section 11-46-11(2).  In her Complaint, while Dear alleges that her lawsuit is authorized under "Mississippi statutory and common law", <u>see</u> Compl. at ¶ 1, she has not alleged any state law causes of action against JSU.  <u>See</u> <u>id.</u> at ¶ 11.  Additionally, Dear does not argue that she is pursuing any state law claims in her Response to the Motion for Summary Judgment.  As Dear has not alleged any state law claims against JSU, the Court finds there is no basis for addressing the defense raised to such claims by JSU in its pleadings.

### III.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Consolidate Complaint [Docket No. 69] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint [Docket No. 70] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant for Continuance [Docket No. 73] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant to Strike [Docket No. 74] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant for Dismissal/Summary Judgment [Docket No. 53 & 56] is hereby granted.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 10th day of September, 2008.


                              s/William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE

21